Motion by plaintiff at the May Term, 1925, Forsyth Superior Court, to set aside or vacate the judgment rendered in this cause at the March Term, 1925, Forsyth Superior Court, "for reasons set out in affidavits," which seem to be: (1) that it is void; (2) that it was entered contrary to the usual course and practice of the court, therefore, irregular; and *Page 419 
(3) that it was taken against the plaintiff through his mistake, inadvertence, surprise or excusable neglect. C. S., 600. Motion denied and plaintiff appeals.
This suit was instituted by plaintiff, as the alleged injured party, for an absolute divorce upon the ground that there has been a separation between himself and the defendant, his wife, and that they have lived separate and apart for more than five successive years prior to the institution of the action. C. S., 1659. There is no specific allegation in the complaint that the plaintiff has resided in this State for the requisite 5-year period of separation.
In her answer, the defendant sets up a cross-action, which is permissible under our practice (Cook v. Cook, 159 N.C. p. 50), alleges that she is the injured party, and applies for an absolute divorce from the plaintiff upon the ground that there has been a separation between herself and the plaintiff, her husband; that they have lived separate and apart for more than five successive years prior to the institution of the action, and that she has resided in this State, not only for the requisite 5-year period of separation, but for a much longer time, to wit, all her life.
Upon the issues raised by the defendant's cross-action — no evidence having been offered by the plaintiff to sustain the allegations of his complaint — the jury empanelled at the March Term, 1925, Forsyth Superior Court, to try the cause, returned the following verdict:
"1. Were the plaintiff and defendant married as alleged in the pleadings? Answer: Yes.
"2. Has the defendant been a resident of the State of North Carolina for more than two years prior to the bringing of this suit? Answer: Yes.
"3. Has there been a separation of the plaintiff and defendant for five years prior to the bringing of this action, as alleged in the answer? Answer: Yes. "
There was a judgment on this verdict in favor of the defendant, plaintiff in the cross-action, dissolving the bonds of matrimony existing between the parties, under authority of C. S., 1659, subsection 4, which, as amended by chap. 63, Public Laws 1921, is as follows:
"Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of the party injured, made as by law provided, in the following cases: *Page 420 
"4. If there has been a separation of husband and wife, and they have lived separate and apart for five successive years, and the plaintiff in the suit for divorce has resided in this State for that period. "
It will be observed that the separation of husband and wife, and their living separate and apart for five successive years, are not sufficient grounds for divorce under the statute, but in addition thereto, the plaintiff in the suit for divorce must have resided in this State for that period. Such residence is an integral part of the cause for divorce as given by this subsection. The reason for such requirement is obvious. At any rate, ita lex scripta est. By the express terms of the statute, a marriage may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of the party injured, made as by law provided:
1. If there has been a separation of husband and wife;
2. And they have lived separate and apart for five successive years;
3. And the plaintiff in the suit for divorce has resided in this State for that period.
For a history of the statutory changes and amendments relating to this particular cause for divorce, see opinions in Cooke v. Cooke, 164 N.C. 272, and Sanderson v. Sanderson, 178 N.C. 339.
Here, the defendant, who is the plaintiff, pro hac vice, in her suit for divorce, as set up in her cross-action, alleges that there has been a separation between herself and the plaintiff, her husband; that they have lived separate and apart for more than five successive years prior to the institution of the action; and that she has resided in this State, not only for the requisite 5-year period of separation, but for a much longer time, to wit, all her life.
The defendant sets up in her cross-action a valid cause for divorce under the statute, but the issues submitted to the jury are not sufficient to support the judgment for divorce. It is not established by the verdict that Mrs. Ellis has resided in this State for the requisite 5-year period of separation. The only issue as to her residence was the second, and this simply finds that she has been a resident of the State of North Carolina "for more than two years prior to the bringing of this suit. " That the complainant has been a resident of the State for two years next preceding the filing of the complaint is the necessary allegation required by C. S., 1661, to be incorporated in the affidavit and to accompany the complaint so as to give the court jurisdiction over a divorce proceeding. Johnson v.Johnson, 142 N.C. 462; Hopkins v. Hopkins, 132 N.C. 22; Nichols v.Nichols, 128 N.C. 108. And while this is the length of residence in the State necessary to give the court jurisdiction over the subject of divorce, in an action like the present, where the cause for divorce is bottomed on subsection 4 of C. S., 1659, it is *Page 421 
essential that all the material facts should be alleged in the complaint and "found by a jury" before the court would be warranted in entering a decree dissolving the bonds of matrimony existing between the parties.Zimmerman v. Zimmerman, 113 N.C. p. 435.
True, no answer was interposed by the plaintiff to the complaint filed by his wife in her cross-action, but the material facts in every complaint asking for a divorce, are deemed to be denied under the statute, and no judgment is allowed to be given in favor of the plaintiff in any such complaint until all the material facts have been found by a jury. The pertinent provisions of C. S., 1662, are as follows: "The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury."
"The object of this provision is to prevent the obtaining of divorces by collusion" — Clark, J., in Hall v. Hall, 131 N.C. 185.
The judgment of divorce, therefore, was entered directly contrary to the statute, which provides that "no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury." The material facts have not been found by the jury in the instant case, and hence the court was without power or authority to enter the judgment dissolving the bonds of matrimony existing between the parties.Bank v. Broom Co., 188 N.C. 508. A judgment of divorce entered without power or authority on the part of the court to render it is void. Clark v.Homes, 189 N.C. p. 708. To hold otherwise would be to sanction a divorce for cause not given by statute; and causes for divorce are statutory in North Carolina. C. S., 1659 and 1660. "If a judgment is void, it must be from one or more of the following causes: 1. Want of jurisdiction over the subject-matter; 2. Want of jurisdiction over the parties to the action, or some of them; or 3. Want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts without jurisdiction, while in those of the third class it acts in excess of jurisdiction." Freeman on Judgments (4 ed.), p. 176.
Jurisdiction over the subject-matter of divorce is given only by statute, and in the same grant judgments in favor of the plaintiff dissolving the bonds of matrimony are prohibited, except upon a finding of the material facts by a jury. And further, as said by Mr. Black in his valuable work on judgments, vol. I (2d ed.), p. 271, "When we speak of `jurisdiction of the subject-matter,' we do not mean merely cognizance of the general class of actions to which the action in question belongs, but we also mean legal power to pass upon and decide the particular contention which the judgment assumes to settle." *Page 422 
The result might be otherwise if the judgment were not in favor of the plaintiff in the complaint asking for a divorce (Hall v. Hall, supra), or if it were a controversy between the parties in a civil action relating to a different subject-matter. Ordinarily, as to parties properly before the court, and respecting a matter within its jurisdiction, the cases hold that a judgment without a finding of facts to support it is not void, but at most merely erroneous, and subject to reversal by a suitable proceeding in a tribunal having authority to review it. Connolly v. Miller, 22 Neb. 82,34 N.W. 76; Doty v. Sumner, 12 Neb. 378, 11 N.W. 464.
Our present position in no way militates against the established principle that where the court has jurisdiction of both the subject-matter and the parties and acts within its power, the binding force and effect of a judgment is not impaired because the same has been erroneously allowed, though the error may be undoubted and apparent on the face of the record.King v. R. R., 184 N.C. p. 446, and cases there cited. An erroneous judgment should be corrected by appeal or certiorari. Phillips v. Ray,ante, 152; Duffer v. Brunson, 188 N.C. p. 791; Moore v. Packer,174 N.C. p. 665. But a void judgment may be impeached collaterally or by direct attack. Starnes v. Thompson, 173 N.C. p. 468. In the instant case, appellant has proceeded by motion in the cause, which is an appropriate method. Massie v. Hainey, 165 N.C. 174, and cases there cited.
While not material to the present case, as it is set forth in the affidavits and alleged in both complaints that the grounds for divorce have existed, not only for six months prior to the filing of the complaints, but for a much longer time, to wit, 15 or 20 years, yet it may be well to note that the Legislature of 1925, amended C. S., 1661 by adding after the word "alimony" in line thirteen of said section the following: "Provided,however, that if the cause for divorce is five years separation then it shall not be necessary to set forth in the affidavit that the grounds for divorce have existed at least six months prior to the filing of the complaint, it being the purpose of the act to permit a divorce after a separation of five years and without waiting an additional six months for filing the complaint." Chap. 93, Public Laws 1925.
The plaintiff's motion to set aside or vacate the judgment of divorce entered in this cause at the March Term, 1925, Forsyth Superior Court, should have been allowed. It was error to overrule the motion.
But the vacation of the judgment does not mean that the verdict already rendered should be set aside. No irregularity, mistake, inadvertence, surprise or excusable neglect has been called to our attention which would seem to necessitate its disturbance. The verdict only needs one additional finding to make it complete, to wit, that Mrs. Ellis has *Page 423 
resided in this State for the requisite 5-year period of separation; and on the record now before us, it would appear that such necessary finding can be easily supplied. Failure to submit such an issue, or to incorporate it in those submitted on the trial, was a clear inadvertence, as there is no suggestion of any collusion between the parties. Indeed, quite the opposite is revealed by the record.
This will be certified, to the end that further proceedings may be had as the law directs and the rights of the parties require.
Error.