SARAH J. SAUNDERSON v. F. J. SAUNDERSON ET AL.

(Filed 22 February, 1928.)

**1. Judgments—On Trial of Issues—Conformity to Verdict—Dower.**

Where the wife's cross-action for divorce *a mensa* is sustained by the verdict of the jury, a judgment rendered must accord therewith, and if entered for a divorce absolute upon consent of the parties, the judgment is a nullity; and upon the husband's death the wife is entitled to her dower allowed by statute.   C. S., 1662.

**2. Courts—Jurisdiction—By Consent of Parties.**

Where a judgment is entered in a suit for a divorce contrary to that permissible by the verdict, the consent of the parties thereto cannot confer jurisdiction or render the judgment valid.

APPEAL by defendants from *Midyette, J.,* at September Term, 1927, of CURRITUCK.   No error.

Proceedings for allotment of dower. Plaintiff alleges that she was the wife of J. H. Saunderson at the date of his death, and that as his widow she is entitled to dower in the lands of which he died seized and possessed. Defendants, who are the heirs at law of the said J. H. Saunderson, deny that plaintiff was his wife, at the date of his death. They allege in their answer that the bonds of matrimony once existing between plaintiff and deceased were absolutely dissolved by a decree of the Superior Court of Currituck County at Fall Term, 1899. Plaintiff in her reply, denies this allegation in the answer of defendants.

The issue submitted to the jury was answered as follows:

"Is the plaintiff entitled to dower in the lands of J. H. Saunderson, as alleged in her complaint? Answer, Yes."

From judgment on the verdict, defendants appealed to the Supreme Court.

*Aydlette & Simpson for plaintiff.*
*Ehringhaus & Hall for defendants.*

CONNOR, J. This is a proceeding for allotment of dower. All the allegations of the petition are admitted in the answer, except the allegation that plaintiff was the wife of J. H. Saunderson at the date of his death. Defendants, who are his heirs at law, deny this allegation. They admit that the said J. H. Saunderson and the plaintiff intermarried some time prior to 1897; they allege in their answer that "at Fall Term, 1899, of the Superior Court of Currituck County, a decree of absolute divorce was signed after a jury verdict in said Superior Court, and that the bonds of matrimony theretofore existing between the said J. H. Saunder-

son and S. J. Saunderson were forever dissolved, reference to said decree being hereby made, and to the records of Currituck Superior Court."

At the trial, defendants offered in evidence the Minute Docket, Fall Term, 1899, of the Superior Court of Currituck County. The following judgment and decree is recorded on page 146 of said minute docket:

"North Carolina—Currituck County.
Superior Court—Fall Term, 1899.

### J. H. Sanders v. S. J. Sanders.

#### Decree.

This cause having been tried at Fall Term, 1898, of this court, and a jury duly empaneled having found all the issues in favor of defendant, who asks for a divorce:

Now, on motion of E. F. Aydlett, of defendant's counsel, it is considered, adjudged and decreed by the court, that the bonds of matrimony heretofore existing between the plaintiff, J. H. Sanders, and the defendant, S. J. Sanders, be and the same are hereby forever dissolved; and that the plaintiff pay the costs of this action to be taxed by the clerk of this court.

And it is further adjudged by agreement that the order heretofore made in this cause granting alimony *pendente lite,* be and the same is hereby vacated and annulled, and that the plaintiff be relieved, and he is hereby relieved from making any further payment thereof.

Let this decree be enrolled.

H. R. STARBUCK,
*Judge Presiding.*

Approved:
    T. G. Skinner, attorney for plaintiff.
    E. F. Aydlett, attorney for defendant."

It was admitted that the plaintiff therein named as J. H. Sanders, is the identical person as J. H. Saunderson, formerly the husband of the plaintiff herein, and that plaintiff herein named as Sarah J. Saunderson is the identical person therein named as S. J. Sanders.

Plaintiff thereafter offered in evidence that part of the Minute Docket of Currituck Superior Court, page 109, Fall Term, 1898, which reads as follows:

"J. H. Sanders, plaintiff, v. Sarah J. Sanders, defendant.

This cause coming on for trial, and both plaintiff and defendant being present, and represented by counsel, say they are ready for trial. Then

comes the following jury to try this case, to wit: J. W. Newman, J. L. Waterfield, Jerry Davis, Ashley Carbell, E. W. Baum, John Conway, A. Cherry, W. A. Garmstead, Alexander Owens, Ferdinand Bonney, W. L. Owens, C. G. Aydlette, being chosen, tried, sworn and empaneled, say they find the issues submitted in favor of defendants, as follows:

1. Were plaintiff and defendant married as alleged? Answer: Yes.

2. Have plaintiff and defendant been residents in the State for two years next before action brought? Answer: Yes.

3. Has plaintiff since marriage, by cruel and inhuman treatment, broken down defendant's health and made her life with him burdensome and unbearable? Answer: Yes.

4. Did plaintiff drive defendant into the yard in the night of November and December, 1895, force her to remain there, threatening her life and accusing her with disgraceful conduct as set forth in sections six and seven of the complaint? Answer: Yes.

5. Did plaintiff, in night time, during months of November and December, 1895, drive defendant into his barn and stable, and force her to remain there, and threaten defendant's life and accuse her of disgraceful conduct, as stated in sections six and seven of defendant's complaint? Answer: Yes.

6. Has this conduct been so continued and repeated and of such kind as to render defendant's condition intolerable and life burdensome? Answer: Yes."

All the original papers in the action entitled "J. H. Sanders v. S. J. Sanders" have been lost. It was admitted that they cannot be found, although a diligent search had been made for them. Entries on the Minute Docket of the Superior Court of Currituck County were offered in evidence, showing that the action in which the decree was rendered, at Fall Term, 1899, and in which the issues were answered by the jury at Fall Term, 1898, was pending in said court prior to May, 1898. An original summons in an action entitled "James H. Sanders v. Sarah Jane Sanders," dated 24 August, 1899, returnable on the first Monday in September, 1899, was offered in evidence. It is manifest that the issues were submitted to the jury and the decree rendered by the court in the action pending prior to the date of said summons. It is also manifest that the judgment and decree at Fall Term, 1898, was rendered upon the verdict of the jury at Fall Term, 1898. This verdict is specifically referred to in the judgment, and thereby incorporated therein. There was no evidence that any issues were submitted to or answered by the jury at Fall Term, 1898, other than those entered on the Minute Docket of said term.

The court was of opinion that the judgment and decree at Fall Term, 1899, purporting to dissolve absolutely the bonds of matrimony theretofore existing between J. H. Sanders (Saunderson) and S. J. Sanders (Saunderson) was void, and thereupon instructed the jury that if they believed the evidence, and found the facts to be as shown thereby, they should answer the issue, "Yes." Defendants excepted to this instruction, and upon their appeal to this Court assign same as error.

This assignment of error cannot be sustained. Upon the facts found by the jury, as shown by their verdict, the court was without power or jurisdiction to render a decree of absolute divorce. Its jurisdiction with respect to actions for divorce, whether absolute or from bed and board, is altogether statutory. The grounds for divorce, either absolute or from bed and board, are prescribed by statute. Upon the facts found by the jury, the court had jurisdiction to grant a divorce from bed and board; it did not have jurisdiction to grant an absolute divorce. The judgment and decree signed by the judge presiding at Fall Term, 1899, purporting to dissolve the bonds of matrimony theretofore existing between the parties to the action upon the verdict of the jury at Fall Term, 1898, is void. It is a "mere nullity." *Ellis v. Ellis,* 193 N. C., 216. The fact that the judgment is approved by attorneys for plaintiff and defendant does not make it valid, for it is well settled that consent of the parties to an action does not confer jurisdiction upon a court to render a judgment which it would otherwise have no power or jurisdiction to render. With respect to an action for divorce, it is prescribed by statute in this State that no judgment shall be given in favor of the plaintiff until the material facts alleged in the complaint have been found by a jury. C. S., 1662. This statute is of course applicable to a defendant who files a cross-action, and prays for divorce therein from the plaintiff. *Cook v. Cook,* 159 N. C., 47.

The identical question presented by this appeal was decided by this Court in *Ellis v. Ellis,* 190 N. C., 418. In the opinion in that case by *Stacy, C. J.,* it is said:

"The judgment of divorce, therefore, was entered directly contrary to the statute, which provides that 'no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury.' The material facts have not been found by the jury in the instant case, and hence the court was without power or authority to enter the judgment dissolving the bonds of matrimony existing between the parties. *Bank v. Broom Co.,* 188 N. C., 508. A judgment of divorce entered without power or authority on the part of the court to render it is void. *Clark v. Homes,* 189 N. C., p. 708. To hold otherwise would be to sanction a divorce for cause not given by statute; and

causes for divorce are statutory in North Carolina." The Court's opinion· in the instant case that the judgment signed at Fall Term, 1899, of the Superior Court of Currituck County is void, is in full accord with the law as declared by this Court in *Ellis v. Ellis,* 190 N. C., 418, and 193 N. C., 216. We find

No error.