VIVIAN C. ALLRED, EXECUTRIX OF THE ESTATE OF SHIRLEY ALLRED TUCCI, SUBSTITUTED PLAINTIFF v. JAMES MICHAEL TUCCI

No. 8621DC946

(Filed 7 April 1987)

1. **Divorce and Alimony § 29; Rules of Civil Procedure § 60.1— divorce from bed and board—motion for relief from judgment—death of party—no bar to motion**

   The death of defendant's wife was not a bar to his motion for relief from a judgment for divorce from bed and board, and plaintiff's contention that defendant's motion was not filed within a reasonable time was without merit, since a void judgment is a legal nullity which may be attacked at any time, and a proceeding to set aside an invalid divorce decree is not barred by the death of one of the spouses where property rights are involved. N.C.G.S. 1A-1, Rule 60(b)(4).

2. **Divorce and Alimony § 29— divorce from bed and board—no findings as to grounds—judgment void**

   The trial court's judgment for divorce from bed and board was void rather than voidable where the court did not find facts as to the existence of any grounds for divorce from bed and board cognizable under N.C.G.S. § 50-7, and the court was thus without power or authority and therefore jurisdiction to enter the judgment.

APPEAL by plaintiff from *Burleson, Judge.* Judgment entered 11 June 1986 in District Court, FORSYTH County. Heard in the Court of Appeals 15 January 1987.

On 30 September 1985, Shirley Allred Tucci brought this action seeking, *inter alia,* a divorce from bed and board from defendant on grounds that he had committed indignities to her person. After defendant filed answer denying the material allegations of the complaint, a judgment, consented to by the parties and their attorneys, was entered in the District Court on 16 December 1985 as follows:

THIS CAUSE came on for hearing before the undersigned Judge presiding over the Civil District Court of Forsyth County, North Carolina.

The parties are not present in Court, but counsel of record for the parties are present in Court.

Based on the representation of counsel and the statements contained in this Consent Judgment, the Court finds that the parties have settled all issues and matters in con-

troversy raised by the pleadings and are of the opinion that it is in their best interest to live separate and apart and that the parties be granted a divorce from bed and board.

Based on the foregoing findings of fact, the Court concludes as a matter of law that it has jurisdiction of the parties and the subject matter; that the parties stipulate and agree that it is in their best interest to live separate and apart and they authorize the Court to enter a judgment granting a divorce from bed and board.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the parties be granted a divorce from bed and board from each other and that they live separate and apart from this day forward.

Each party shall bear his or her own costs and attorneys fees.

This the 16 day of December, 1985.

s/ ABNER ALEXANDER
Judge Presiding

On 20 March 1986, Shirley Allred Tucci died. Vivian C. Allred qualified as executrix of her estate. On 20 May 1986, defendant filed a motion, pursuant to G.S. 1A-1, Rule 25, to substitute Vivian C. Allred, Executrix of the Estate of Shirley Allred Tucci as plaintiff. Defendant also moved, pursuant to Rule 60(b), to set aside the consent judgment on grounds that it was "void as a matter of law due to fatal deficiencies in the findings, or lack thereof, as required by North Carolina General Statutes § 50-7 and § 50-10." He also alleged that he had consented to the judgment upon advice of his former counsel and that he had been "mistaken as to the nature and effect of the judgment."

The motions were heard 11 June 1986 before Judge Burleson, who allowed the motion for substitution of parties and, with respect to defendant's Rule 60(b) motion, found and concluded:

1. That Vivian C. Allred has been duly appointed on April 21, 1986, Executrix of the Estate of Shirley Allred Tucci by the Clerk of Superior Court of Forsyth County, North Carolina, and is acting as such. Vivian C. Allred, Executrix of the Estate of Shirley Allred Tucci, deceased plaintiff, has

been duly substituted as plaintiff in this matter by order previously entered herein pursuant to North Carolina Rule of Civil Procedure 25. Said substituted plaintiff filed a verified response, dated May 28, 1986, to defendant's above-referenced motion, and further was represented by counsel at a hearing on said motion.

2. That defendant's above-noted Rule 60(b) motion was filed within a reasonable time after the December 16, 1985, Judgment entered herein.

3. That the defendant has not established any facts constituting mistake, inadvertance [sic], surprise, or excusable neglect, as grounds for relief from the December 16, 1985, Judgment.

4. That the provisions of North Carolina General Statute § 50-10 are applicable to actions for divorce from bed and board as well as to actions for absolute divorce.

5. That the December 16, 1985, Judgment entered herein does not have any findings of fact constituting grounds for a divorce from bed and board prescribed by North Carolina General Statute § 50-7, as mandated by North Carolina General Statute 50-10.

6. That the Court was without power, authority or subject matter jurisdiction to enter the December 16, 1985, Judgment granting divorce from bed and board.

7. That the consent of the parties and the parties' counsel does not and cannot validate the December 16, 1985, Judgment which is void as a matter of law.

Judge Burleson further concluded that the consent judgment of divorce from bed and board was void *ab initio* and ordered that it be set aside pursuant to Rule 60(b)(4). Plaintiff appeals.

*Morrow and Reavis, by John F. Morrow and Clifton R. Long, Jr., for plaintiff appellant.*

*Harrison, Benson, Worth, Fish, North, Cooke & Landreth, by A. Wayland Cooke and Michael C. Landreth, for defendant appellee.*

MARTIN, Judge.

[1]    G.S. 1A-1, Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \* \* \*
>
> (4) The judgment is void. . . .
>
> The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Plaintiff's initial argument is that defendant's motion for relief from the judgment of divorce from bed and board was not filed within a reasonable time, as required by the rule. Citing *Nickels v. Nickels*, 51 N.C. App. 690, 277 S.E. 2d 577, *disc. rev. denied*, 303 N.C. 545, 281 S.E. 2d 392 (1981) for the principle that a determination of what is a "reasonable time" must depend on the facts of each case, plaintiff contends that the fact that defendant did not move for relief until after his wife's death establishes, as a matter of law, that the motion was not timely. We disagree. Although Rule 60(b) contains the requirement that all motions made pursuant thereto be made "within a reasonable time," the requirement is not enforceable with respect to motions made pursuant to Rule 60(b)(4), because a void judgment is a legal nullity which may be attacked at any time. 11 Wright and Miller, Federal Practice and Procedure: Civil §§ 2862, 2866 (1973). If the judgment of divorce from bed and board at issue in the present case is void, then, as with any other void judgment, it establishes no legal rights and may be vacated without regard to time. *Cunningham v. Brigman*, 263 N.C. 208, 139 S.E. 2d 353 (1964).

Moreover, contrary to the assertions of plaintiff, a proceeding to set aside an invalid divorce decree is not barred by the death of one of the spouses where property rights are involved. 1 Lee, North Carolina Family Law, § 94 (4th Ed. 1979). Property rights are obviously involved in the present case since a decree of divorce from bed and board would, pursuant to G.S. 31A-1, cause a forfeiture of defendant's rights with respect to Shirley Allred Tucci's estate. For the preceding reasons, we conclude that Shir-

ley Allred Tucci's death is not a bar to defendant's motion for relief from the judgment.

[2]  The principal question presented by this appeal is whether the 16 December 1985 judgment of divorce from bed and board is void or whether it is merely voidable. Our Supreme Court has described a void judgment as "one which has a mere semblance but is lacking in some of the essential elements which would authorize the court to proceed to judgment." *Monroe v. Niven*, 221 N.C. 362, 364, 20 S.E. 2d 311, 312 (1942). "When a court has no authority to act its acts are void." *Id.*

> "If a judgment is void, it must be from one or more of the following causes: 1. Want of jurisdiction over the subject matter; 2. Want of jurisdiction over the parties to the action, or some of them; or 3. Want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts without jurisdiction, while in those of the third class, it acts in excess of jurisdiction." Freeman on Judgments (4 ed.), p. 176.

*Ellis v. Ellis*, 190 N.C. 418, 421, 130 S.E. 7, 9 (1925). On the other hand, the Supreme Court has said that a judgment is not void where the court which renders it "has authority to hear and determine the questions in dispute and control over the parties to the controversy. . . ." *Travis v. Johnston*, 244 N.C. 713, 719-20, 95 S.E. 2d 94, 99 (1956). In such case, the judgment is not void even though it may be contrary to law; it is voidable, but is binding on the parties until vacated or corrected in the proper manner. *Worthington v. Wooten*, 242 N.C. 88, 86 S.E. 2d 767 (1955).

In North Carolina, jurisdiction over the subject matter of actions affecting the marriage relationship is authorized only by statute. *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975); *Schlagel v. Schlagel*, 253 N.C. 787, 117 S.E. 2d 790 (1961); *Ellis, supra*. Included within that grant of authority are the provisions of G.S. 50-10, which require that "[t]he material facts in every complaint asking for a divorce . . . shall be deemed to be denied by the defendant, . . . and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge or jury." Those material facts include not only the jurisdictional facts required by G.S. 50-8 to be set forth in the complaint, but also facts constituting the grounds for the claim

for relief. *Schlagel, supra; Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296 (1957); *Saunderson v. Saunderson,* 195 N.C. 169, 141 S.E. 572 (1928). The provisions of G.S. 50-10 are applicable to actions for divorce from bed and board, the grounds for which are specified by G.S. 50-7. *Schlagel, supra.*

In the present case, there is no question that the District Court had jurisdiction of the parties and of the subject matter involved in the action. However, the judgment of divorce from bed and board entered in this case contains absolutely no finding of the existence of any of the grounds for divorce from bed and board cognizable under G.S. 50-7. "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *Eudy, supra* at 75, 215 S.E. 2d at 785. Thus, upon the facts found by it, the District Court was without power or authority, and therefore without jurisdiction to enter the judgment granting the parties a divorce from bed and board.

Ordinarily, where the court has jurisdiction of the parties and of the subject matter and enters a judgment which is not supported by findings of fact, the judgment is, at most, erroneous but not void and may be attacked only by an appeal. *Ellis, supra;* 8 N.C. Index 3d, Judgments, § 19. Where the court acts in excess of its authority, however, the result is different.

> If the court was without authority, its judgment . . . is void and of no effect. A lack of jurisdiction or power in the court entering a judgment always avoids the judgment [citations omitted], and a void judgment may be attacked whenever and wherever it is asserted, without any special plea. [Citations omitted.]

*Hanson v. Yandle,* 235 N.C. 532, 535, 70 S.E. 2d 565, 568 (1952). *See Carpenter v. Carpenter,* 244 N.C. 286, 93 S.E. 2d 617 (1956); *Ellis, supra; Saunderson, supra.*

Plaintiff argues, however, that the judgment of divorce from bed and board is not void because it was entered by consent. A valid consent judgment may be set aside only with the consent of both parties, or upon proof that consent was not given or was ob-

tained by fraud or mutual mistake. *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956). A void judgment, however, binds no one and it is immaterial whether the judgment was or was not entered by consent. *Hanson, supra.* "[I]t is well settled that consent of the parties to an action does not confer jurisdiction upon a court to render a judgment which it would otherwise have no power or jurisdiction to render." *Saunderson, supra* at 172, 141 S.E. at 574.

Since material facts necessary to the granting of a divorce from bed and board were not found by the court, the court acted beyond its jurisdiction in entering the 16 December 1985 judgment. The judgment is therefore void. "To hold otherwise would be to sanction a divorce for cause not given by statute; and causes for divorce are statutory in North Carolina." *Ellis, supra*, at 421, 130 S.E. at 9.

By her final argument, plaintiff asserts that even if the judgment of divorce from bed and board is void, defendant should be equitably estopped from questioning its validity because of his participation in its procurement. However, the question of estoppel does not arise upon the record before us. Estoppel must be affirmatively pleaded by the party relying upon it. *Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E. 2d 656 (1984). Plaintiff did not plead estoppel in either of her responses to defendant's motions and she has not included in the record on appeal any narration or transcription of the evidence below to establish that she presented evidence in support of that theory. She may not, therefore, present the question on appeal. *Gillis v. Whitley's Discount Auto Sales, Inc.*, 70 N.C. App. 270, 319 S.E. 2d 661 (1984); *Nationwide, supra.*

The order granting defendant relief from the void judgment of divorce from bed and board must be affirmed.

Affirmed.

Judges PARKER and COZORT concur.