HUNTER, JR., ROBERT N., Judge.
 

 *387
 
 Catawba County through its child support agency, ex. rel. Shawna Rackley ("Plaintiff") appeals from a district court order granting Jason Loggins' ("Defendant") Rule 60 motion for relief from judgment, and setting aside a 28 June 2001 modified voluntary support agreement. We affirm the trial court.
 

 *388
 

 I. Factual and Procedural History
 

 On 15 February 1999 the parties signed and filed a "Voluntary Support Agreement and Order" ("1999 Order") in Catawba County District Court. The trial court approved the agreement the same day. In the 1999 Order, Defendant agreed to pay "$0.00" in child support for his two children with Shawna Rackley, and starting 1 March 1999, to reimburse the State $1,996.00 for public assistance paid on behalf of his children. At the time, the children lived with Linda Rackley, the named plaintiff in the action. Defendant agreed the $0.00 "child support payments ... shall continue after the children's 18th birthday and until the children graduate, otherwise cease to attend school on a regular basis, fail to make satisfactory academic progress towards graduation or reach age 20, pursuant to N.C.G.S. § 50-13.4(C)." He assigned "any unemployment compensation benefits" he received to the child support agency, and agreed to provide health insurance for his children "when it is available at a reasonable cost or when it is available through employment." The 1999 Order stated, "this case may be reviewed for modification without presenting a showing of substantial change of circumstances even if this occurs within the first three years of the establishment of the said order."
 

 Defendant failed to reimburse the State, and on 16 October 2000 Plaintiff filed a motion to show cause. The trial court ordered Defendant to appear, and he failed to do so. He was arrested and later released on a $500.00 cash bond. On 25 January 2001, through a consent order, Defendant agreed to apply his $500.00 bond to his arrearage of $1,165.12. The trial court found he was employed at Carolina Hardwoods earning $9.95 per hour, and was able to comply with the 1999 Order. The court ordered Defendant to make the $50.00 monthly payments towards his arrears.
 

 Without filing a motion to amend the 1999 Order, the parties entered into a "Modified Voluntary Support Agreement and Order" on 25 June 2001. Although it is entitled, "Modified," it does not reference the original voluntary support agreement ("VSA"), the 1999 Order, or even show that the District Court established paternity in 1999. It does not indicate any changed circumstances following a prior order. The parties also attached a child support worksheet that stated Defendant had a monthly gross income of $1,724.66, and recommended $419.00 for his monthly child support obligation.
 
 [1]
 
 The trial court approved the order
 
 *389
 
 28 June 2001 ("2001 Order").
 
 [2]
 
 This order is the basis of all controversy
 
 *623
 
 on appeal. In the 2001 Order, Defendant agreed to pay $419.00 per month in child support starting 1 July 2001, and reimburse the State $422.78 for public assistance given to his children. Defendant also agreed to provide his children with health insurance, which was available at the time through his employer, Crown Heritage, Inc. Unlike the 1999 Order, the 2001 Order contained no modification provision.
 

 During the following years, Defendant failed to make monthly child support payments and payments for public assistance. Plaintiff filed several motions to show cause, which resulted in hearings and additional orders determining Defendant's ever-growing arrears.
 

 Sometime in 2006, the children moved out of Linda Rackley's home and began living with their biological mother, Shawna Rackley. On 21 November 2006, Plaintiff filed a motion to modify the 2001 Order so child support payments would be paid directly to Shawna Rackley. The trial court granted the motion on 30 November 2006 and captioned this case with Shawna Rackley as a named party.
 

 Without any preceding motion to modify, the parties entered into a consent order on 25 January 2007. In it, the parties agreed Defendant was in arrears of $678.00 in child support payments from a prior 2006 order, and $16,422.28 in arrears from the 1999 Order. The trial court ordered Defendant to make monthly child support payments of $419.00 with an additional $60.00 going towards arrears. Through a 5 April 2007 review order, the trial court found Defendant was in compliance with the 25 January 2007 order, and found his arrearages to be $15,572.80. The trial court ordered Defendant to continue his monthly child support payments of $419.00 plus $60.00 towards arrears.
 

 On 7 April 2011, Defendant filed,
 
 pro se,
 
 a motion to modify the 2007 review order. Defendant contended circumstances had changed because he "draw[s] unemployment [and his] kids [age 17 and 18] have quit school." The trial court heard the matter 15 September 2011, and Shawna Rackley failed to appear. In a 15 September 2011 order ("2011 Order"), the trial court found a change in circumstance noting
 
 *390
 
 "Defendant was drawing unemployment benefits, since has obtained full time employment. Eldest child ... has emancipated according to N.C.G.S. [§ ] 50-13.4(C)." Based on the child support guidelines, the trial court reduced Defendant's monthly child support obligation to $247.00, and found his arrears to be $6,640.75.
 

 On 13 May 2014, Defendant filed a " Rule 60 Motion Relief from Judgment" (" Rule 60 Motion").
 
 [3]
 
 Defendant sought to set aside the 2001 Order and contended, "prior to June 28, 2001 there was [sic] not any motions filed by the Plaintiff or on her behalf to modify the 'then' existing child support obligation [of $0.00 under the 1999 Order]." The parties were heard on 31 July 2014, and Defendant contended the 1999 Order was a permanent order and the trial court did not have jurisdiction to modify it without a motion from Plaintiff showing a change in circumstances. He argued the 2001 Order was void and unenforceable as a result. Plaintiff's counsel conceded, "[t]here's no indication that [the 1999 Order] was a temporary order. We use the colloquial term 'permanent' although every order can be modified, but I would agree that that's what we normally refer to as a permanent order rather than a temporary order." Following the hearing, defense counsel tendered a draft order to the trial court without serving it upon Plaintiff's counsel. On 18 December 2014, the trial court issued an order and granted Defendant's Rule 60 Motion and set aside the 2001 Order. The trial court found the following,
 
 inter alia:
 

 4. It is clear from the Court file there was not a Complaint filed.... The [1999 Order] was presumably done 'in lieu of' the filing of a Complaint for child support....
 

 *624
 
 5. The Defendant's initial child support obligation ... was $0.00 per month. .... [The 1999 Order] did require the Defendant to reimburse the State ... $1,966.00 for past paid public assistance.
 

 6. That there was a subsequent, second VSA filed on the 28th day of June 2001, which is the actual subject of Defendant's Rule 60 motion. Said VSA is titled "Modified Voluntary Support Agreement and Order...."
 

 8. That N.C.G.S. § 50-13.7(a) authorizes a North Carolina court to modify or vacate an order of a North Carolina
 
 *391
 
 court providing for the support of a minor child at any time upon a motion in the cause by an interested party and a showing of changed circumstances. That said statute on its face requires that there be a "motion in the cause" prior to the entry of an order modifying child support.
 

 9. That prior to the filing of the June 28, 2001 VSA there were no motions filed by the Plaintiff or on her behalf, to modify the "then" existing child support obligation of $0.00/month of the Defendant.
 

 10. That N.C.G.S. § 50-13.7(a) applies to any "final" or "permanent" order entered by a North Carolina court for the support of a minor child. N.C.G.S. § 50-13.7(a) applies to and authorizes modification of Voluntary Support Agreements approved pursuant to G.S. § 110-132 and 110133.
 

 11. The [1999 Order] was a final or permanent court order for support of a minor....
 

 22. A subsequent or second VSA does not relie[ve] the party requesting a modification from the obligation of first filing a motion in the cause....
 

 The court concluded that the 2001 Order was void and unenforceable because Plaintiff did not make a motion to modify the 1999 Order. Accordingly, the trial court set aside the 2001 Order.
 

 On 19 December 2014, Plaintiff filed a motion under Rule 60(b)(1), (3), and (6), to set aside the above-mentioned 18 December 2014 order. Plaintiff contended the order was "erroneous and prejudicial" because Defendant did not serve the proposed order on Plaintiff prior to tendering it to the court. On 22 December 2014, the trial court granted Plaintiff's motion and set aside the 18 December 2014 order.
 

 On 29 December 2014, the trial court entered a second order granting Defendant's Rule 60 Motion ("2014 Order"). The trial court found it did not have jurisdiction to enter the 2001 Order because there was no preceding motion from Plaintiff showing a change in circumstance. Plaintiff filed timely notice of appeal. On appeal, Plaintiff assigns error to the following: (1) the court concluded the 1999 Order was permanent instead of temporary; (2) the court did not make a finding on whether the 2001 Order was a consent order; (3) the court concluded a motion to modify must precede a modification order; (4) the court concluded the 2001 Order was void and set it aside; and (5) the trial court did not
 
 *392
 
 address whether Defendant was estopped from moving to set aside the 2001 Order because the court had already reduced the child support due under the 2001 Order.
 

 After settlement of the record, Defendant filed a motion to dismiss Plaintiff's appeal pursuant to Appellate Rule 25. Defendant contends Plaintiff cited a repealed jurisdictional statute, N.C. Gen.Stat. § 7A-27(c), in its appellate brief, and violated Appellate Rule 28(a)(6) by failing to state the applicable standard of review. Plaintiff filed a motion to amend its appellant brief pursuant to Appellate Rule 27. Plaintiff asserts its mistaken citation to N.C. Gen.Stat. § 7A-27(c) follows the legislature's recent reorganization of section 7A-27. The jurisdictional subsections at issue are N.C. Gen.Stat. §§ 7A-27(b)(2), and (b)(3). Plaintiff concedes the omission of the standard of review was an inadvertence and mistake on its part. Plaintiff's errors do not prejudice Defendant. Therefore, we allow Plaintiff's motion to amend and deny Defendant's motion to dismiss.
 

 II. Jurisdiction
 

 This action arises from a final judgment in a district court. Therefore, this Court has jurisdiction under N.C. Gen.Stat. § 7A-27(b)(2).
 

 *625
 

 III. Standard of Review
 

 Usually, our Court reviews a "trial court's ruling on a Rule 60(b) motion ... for an abuse of discretion."
 
 Yurek v. Shaffer,
 

 198 N.C.App. 67
 
 , 75,
 
 678 S.E.2d 738
 
 , 743 (2009) (citing
 
 Barnes v. Wells,
 

 165 N.C.App. 575
 
 , 580,
 
 599 S.E.2d 585
 
 , 589 (2004) ). However, the issue of "whether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal
 
 de novo.
 
 "
 
 Yurek,
 

 198 N.C.App. at 75
 
 ,
 
 678 S.E.2d at 744-45
 
 (citations omitted).
 

 IV. Analysis
 

 "In the literal sense of the word, no child support order entered in this state is 'permanent' because it may be modified or vacated at any time under N.C. Gen.Stat. § 50-13.7(a)."
 
 Gray v. Peele,
 

 235 N.C.App. 554
 
 , 557,
 
 761 S.E.2d 739
 
 , 741 (2014). Section 50-13.7(a) allows a child support order to be "modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party...." N.C. Gen.Stat. § 50-13.7(a). This also applies to support agreements because they "have the same force and effect, retroactively and prospectively ... as an order of support entered by the court, and shall be enforceable and subject to modification in the same manner as is provided by law for orders
 
 *393
 
 of the court in such cases." N.C. Gen.Stat. § 110-133. Therefore, we treat the 1999 voluntary support agreement, and its subsequent modification, the same as a child support order entered by the trial court.
 

 Trial courts follow a two-step analysis for child support modification.
 
 See
 

 McGee v. McGee,
 

 118 N.C.App. 19
 
 , 26,
 
 453 S.E.2d 531
 
 , 536,
 
 disc. review denied,
 

 340 N.C. 359
 
 ,
 
 458 S.E.2d 189
 
 (1995). First, the trial court must determine whether "a substantial change of circumstances has taken place; only then does it proceed [to the second step] to apply the North Carolina Child Support Guidelines to calculate the applicable amount of child support."
 
 Armstrong v. Droessler,
 

 177 N.C.App. 673
 
 , 675,
 
 630 S.E.2d 19
 
 , 21 (2006) (citation omitted).
 

 The burden of proving "changed circumstances rests upon the party moving for modification of support."
 

 Id.
 

 This is unique to modifying permanent support orders because temporary support orders are designed to be in effect for a finite period of time, thereby making them inherently subject to modification.
 
 See
 

 Gray,
 

 235 N.C.App. at 558
 
 ,
 
 761 S.E.2d at 742
 
 ("A temporary order is not designed to remain in effect for extensive periods of time or indefinitely.") (citation omitted).
 

 A child support order is temporary if it meets any of the following criteria: "(1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues."
 
 Peters v. Pennington,
 

 210 N.C.App. 1
 
 , 13-14,
 
 707 S.E.2d 724
 
 , 734 (2011) (quoting
 
 Senner v. Senner,
 

 161 N.C.App. 78
 
 , 81,
 
 587 S.E.2d 675
 
 , 677 (2003) ). In contrast, an order is permanent if it "does not meet any of these criteria."
 
 Peters,
 

 210 N.C.App. at 14
 
 ,
 
 707 S.E.2d at 734
 
 .
 

 Here, the 1999 Order is the original child support order. In it, the parties agreed, among other things, that Defendant would pay $0.00 per month in child support for his two children, with such support to continue after their 18th birthdays until they completed or ceased attending school. This child support period spans the maximum period of time allowed by statute.
 
 See
 
 N.C. Gen.Stat. § 50-13.4(c). Unlike a temporary support order, the 1999 Order does not set a clear and specific reconvening time. While the order allows for the possibility of modification in the first three years without a showing of changed circumstances, this window of time is not reasonably brief.
 
 Brewer v. Brewer,
 

 139 N.C.App. 222
 
 , 228,
 
 533 S.E.2d 541
 
 , 546 (2000) ("We hold ... the [one year] period between the [child custody] hearings was not reasonably brief."). Based on the record we cannot hold the trial court abused its discretion in
 
 *394
 
 finding the 1999 Order failed to meet any of the three criteria for temporary orders.
 
 See
 

 Peters,
 

 210 N.C.App. at 13-14
 
 ,
 
 707 S.E.2d at 734
 
 . Nonetheless, this determination is not dispositive of Defendant's Rule 60 Motion due to Plaintiff's procedural shortcomings.
 

 The plain language of N.C. Gen.Stat. § 50-13.7(a) requires a "motion in the cause and a showing of changed circumstances" as
 
 *626
 
 a necessary condition for the trial court to modify an existing support order. N.C. Gen.Stat. § 50-13.7(a). Our Court has held a trial court is "without authority to
 
 sua sponte
 
 modify an existing support order."
 
 Royall v. Sawyer,
 

 120 N.C.App. 880
 
 , 882,
 
 463 S.E.2d 578
 
 , 580 (1995) (citing
 
 Kennedy v. Kennedy,
 

 107 N.C.App. 695
 
 , 703,
 
 421 S.E.2d 795
 
 , 799 (1992) (trial court may modify custody only upon a motion by either party or anyone interested)) (citation omitted). Neither party contends the 1999 Order was not an "existing support order" in 2001, when the parties entered into a second voluntary support agreement.
 
 [4]
 

 Therefore, the trial court that entered the 2001 Order did not have authority to enter the order. The 2001 Order is therefore void and "it is immaterial whether the judgment was or was not entered by consent. '[I]t is well settled that consent of the parties to an action does not confer jurisdiction upon a court to render a judgment which it would otherwise have no power or jurisdiction to render.' "
 
 Allred v. Tucci,
 

 85 N.C.App. 138
 
 , 144,
 
 354 S.E.2d 291
 
 , 295 (1987) (quoting
 
 Saunderson v. Saunderson,
 

 195 N.C. 169
 
 , 172,
 
 141 S.E. 572
 
 , 574 (1928) ).
 

 After
 
 de novo
 
 review of the trial court's jurisdiction, we note a need for improvement in the area of child support enforcement. Here, the parties entered into a 1999 voluntary support agreement for a permanent child support obligation of $0.00. The trial court accepted this agreement and entered the 1999 Order. Afterwards, the parties attempted to modify the agreement using the County's mediation services to increase the child support obligation to $419.00. The mediation process led the parties to execute another voluntary support agreement and order, and none of the County's forms in the mediation process contained language about changed circumstances. As discussed, this omission creates a
 
 *395
 
 jurisdictional shortcoming leaving the trial court without jurisdiction to modify the 1999 Order. More importantly, this makes it impossible to enforce the second voluntary support agreement and order because the trial court did not have jurisdiction to accept the second voluntary support agreement and enter the modified order.
 
 See
 

 Whitworth v. Whitworth,
 

 222 N.C.App. 771
 
 ,
 
 731 S.E.2d 707
 
 (2012) (reversing and vacating a
 
 nunc pro tunc
 
 order that a trial court entered, without jurisdiction, three years after a party's motion to intervene). Without improvement in the mediation process and appropriate revisions to the forms used in that process, our courts must bear cases like this, enforcing permanent child support orders of $0.00 but not modified agreements that reflect the intention of the North Carolina Child Support Guidelines.
 

 Lastly, Plaintiff contends Defendant is estopped from challenging the 2001 Order because he successfully moved to reduce the amount of support due under the order, from $419.00 to $247.00, before moving to set the order aside on jurisdictional grounds. We disagree. "A challenge to jurisdiction may be made at any time."
 
 Hart v. Thomasville Motors,
 

 244 N.C. 84
 
 , 90,
 
 92 S.E.2d 673
 
 , 678 (1956) (citation omitted). "A judgment is void, when there is a want of jurisdiction by the court...."
 

 Id.
 

 (citation omitted). A void judgment "is a nullity [and][i]t may be attacked collaterally at any time [because] legal rights do not flow from it."
 
 Cunningham v. Brigman,
 

 263 N.C. 208
 
 , 211,
 
 139 S.E.2d 353
 
 , 355 (1964) (citation omitted). Therefore, we must overrule Plaintiff's contention.
 

 V. Conclusion
 

 For the foregoing reasons we affirm the trial court.
 

 AFFIRMED.
 

 Judges STEPHENS and INMAN concur.
 

 [1]
 

 The parties attached "Work Sheet A," Form "AOC-CV-627 Rev. 10/98" of the North Carolina Child Support Guidelines. This is the correct form used to calculate child support when one parent (or a third party) has primary physical custody of all of the children for whom support is being determined. This form does not contain a provision concerning a change in circumstance. Had the parties filed a motion to modify the 1999 Order, they would have been prompted to state the changed circumstances following the 1999 Order. However, the parties only submitted a VSA and child support worksheet, which explains the trial court's lack of findings regarding changed circumstances in the 2001 Order.
 

 [2]
 

 The 2001 Order was prepared using a DHHS ACTS form, DSS-4524 02/01 CSE/ACTS. This order does not contain a provision regarding a change in circumstances.
 

 [3]
 

 We note a clerical error in Defendant's Rule 60 motion. The motion cites N.C. R. Civ. Pro. 60(a) instead of Rule 60(b). The trial court noted Plaintiff's counsel anticipated an argument from Defendant based upon Rule 60(b), and both parties consented to the trial court hearing the motion despite this flaw.
 

 [4]
 

 We note that a domestic agreement, like the 1999 voluntary support agreement, is a contract. It "remains modifiable by traditional contract principles unless a party submits it to the court for approval...."
 
 Peters,
 

 210 N.C.App. 1
 
 , 14,
 
 707 S.E.2d 724
 
 , 734 (2011). In theory, the 1999 voluntary support agreement was modifiable until the parties submitted it to the trial court for approval. However, the parties submitted the 1999 agreement to the trial court, the court approved it and issued an order. Therefore, we need not analyze the 2001 Order and Defendant's consent to modify the 1999 Order in the context of contract modification principals.