NO. COA13-1333

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

TAMI L. GRAY,
    Plaintiff,

v.                                    Wake County
                                      No. 08 CVD 003713

DARRELL KEITH PEELE,
    Defendant.


Appeal by defendant from order entered 9 August 2013 by Judge Daniel J. Nagle in Wake County District Court. Heard in the Court of Appeals 22 May 2014.

> *No brief filed on behalf of plaintiff-appellee.*
>
> *Elisabeth P. Clary for intervenor plaintiff-appellee Wake County Child Support Enforcement.*
>
> *Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Darrell Keith Peele ("Defendant") appeals from an order denying his motion to modify child support. Defendant contends that the prior child support order entered in 2010 was temporary in nature and that the trial court erred in requiring him to demonstrate that a substantial change in circumstances had taken place since the entry of the existing order. Defendant also

challenges the trial court's conclusions and findings of fact. For the following reasons, we dismiss the appeal as interlocutory.

## I.  Factual & Procedural History

Tami L. Gray ("Plaintiff") and Defendant were married on 30 April 1994.  During the marriage, Plaintiff and Defendant had one child, L.K.P., who was born in March 1999.  Plaintiff and Defendant subsequently divorced.

On 24 October 2000, the Granville County District Court entered a temporary child support order that, pursuant to the North Carolina Child Support Guidelines, required Defendant to pay the presumptive sum of $685.57 per month for the minor child.  On 17 April 2001, when the child was 2 years old, the court entered a permanent custody order giving Plaintiff primary physical custody of L.K.P. and Defendant Wednesday evening, alternating weekend, and holiday visitation rights.  The custody order also provided that "[t]he parties may exercise such other and further residency periods with the minor child as may be mutually agreed upon by the parties."

On 21 February 2003, the court modified the temporary child support order, requiring Defendant to pay $685.57 per month in accordance with the previous child support order, plus an

additional $100 per month towards arrearages. Nearly five years later, in February 2008, the action was transferred to Wake County and an order was entered permitting the local Child Support Enforcement Agency to intervene on behalf of Plaintiff.

Thereafter, on 4 May 2010, Defendant filed a motion to modify his child support obligation, citing loss of work and unemployment, as well as the fact that L.K.P. had been staying with him an additional night during the week. Following a hearing on the motion, the trial court entered an order on 6 August 2010 based on a consent agreement between the parties reducing Defendant's monthly child support obligation to $500 per month.

On 10 October 2010, the parties mutually agreed to implement a week-on/week-off custody arrangement, although the custody order was not formally modified. After the parties implemented this agreement, Defendant stopped paying child support without seeking a modification from the trial court and without Plaintiff's consent. On 31 August 2011, Plaintiff withdrew from the agreement and demanded that Defendant revert to the custody schedule contained in the 17 April 2001 custody order. Despite Plaintiff's objections, however, the record evidence shows that the parties continued the week-on/week-off

custody arrangement until the hearing in this matter in May of 2013 -- a period of over 2 years and seven months. On 27 September 2011, Defendant filed a motion to modify custody alleging the existence of many changes in the parties' circumstances and the child's needs, requesting an award of primary custody or in the alternative, that the "Court modify the 2001 Custody Order such that the parties immediately resume and maintain the week-on week-off custodial schedule that they have been operating under for the past year." This motion remains pending in the trial court.

Thereafter, Defendant filed a separate motion to modify child support on 10 April 2012 and again on 31 January 2013, alleging that circumstances had changed in that he had experienced a period of unemployment, his home had been foreclosed upon, his car had been repossessed, and his financial condition had deteriorated. Defendant also cited the week-on/week-off custody schedule in the motion. Defendant's motion to modify child support was heard at the 24 May 2013 "term of Wake County Civil IV-D District Court." Following a hearing concerning the motion to modify child support only, the trial court entered an order dated 9 August 2013 concluding, *inter alia*, that:

2. Defendant earns income on a monthly basis and is capable of contributing to the support of the minor child, [L.K.P.].

3. Defendant should be required to pay child support for the minor child, [L.K.P.].

4. A change in the physical custody of a child constitutes a substantial change in circumstances warranting modification of an existing child support order.

5. While a change in the physical custody of the minor child existed from to [sic] 10 October 2010 to 31 August 2011, the defendant failed to file a motion to modify child support and was not precluded from filing by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason, and the change in physical custody no longer exists and payment has vested.

6. The existing ordered support amount is sufficient to meet the reasonable needs of the minor child.

(Internal citation omitted). Accordingly, the trial court denied Defendant's motion to modify child support and ordered Defendant to continue to make child support payments of $500 per month as previously ordered. Defendant filed timely notice of appeal from the trial court's order.

## II. Jurisdiction

Defendant argues that we have jurisdiction to consider this order because it is not interlocutory. We disagree.

> Generally, there is no right of immediate appeal from interlocutory orders and judgments. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. On the other hand, a final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.

*Hausle v. Hausle*, ___ N.C. App. ___, ___, 739 S.E.2d 203, 205-06 (2013) (citations, quotation marks, and brackets omitted). "The reason for this rule is to prevent fragmentary, premature, and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Peters v. Peters*, ___ N.C. App. ___, ___, 754 S.E.2d 437, 439 (2014) (citation, quotation marks, and brackets omitted). "In the child support context, an order setting child support is not a final order for purposes of appeal until no further action is necessary before the trial court upon the motion or pleading then being considered." *Banner v. Hatcher*, 124 N.C. App. 439, 441, 477 S.E.2d 249, 250 (1996).

In the literal sense of the word, no child support order entered in this state is "permanent" because it "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances[.]" N.C. Gen. Stat. § 50-13.7(a)

(2013). Nevertheless, our case law provides that a child support order may be characterized as "permanent" when the order is based on the merits of the case and intended to be final. *See Miller v. Miller*, 153 N.C. App. 40, 47–48, 568 S.E.2d 914, 919 (2002).

With respect to child custody orders, we have said that "[a] temporary order is not designed to remain in effect for extensive periods of time or indefinitely." *Gary v. Bright*, ___ N.C. App. ___, ___, 750 S.E.2d 912, 915 (2013) (internal quotation marks and citation omitted).

> [A]n order is temporary if either (1) it is entered without prejudice to either party[;] (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief[;] or (3) the order does not determine all the issues. If the order does not meet any of these criteria, it is permanent.

*Woodring v. Woodring*, ___ N.C. App. ___, ___, 745 S.E.2d 13, 18 (2013) (alterations in original) (internal quotation marks and citation omitted).

With respect to child support orders, our case law is less developed, but not totally devoid of guiding precedent. *See, e.g.*, *Miller*, 153 N.C. App. 40, 568 S.E.2d 914; *Cole v. Cole*, 149 N.C. App. 427, 562 S.E.2d 11 (2002); *Banner*, 124 N.C. App.

439, 477 S.E.2d 249. In these cases, we have looked to the intent behind the trial court's order to determine if a support order is temporary. In doing so, we have considered whether the order explicitly identifies itself as a temporary order and whether the language of the order contemplates that another "permanent" order will be entered at a future point in time. *Miller*, 153 N.C. App. at 47-48, 568 S.E.2d at 919; *Cole*, 149 N.C. App. at 433-44, 562 S.E.2d at 14-15.

A claim for either child support or custody can be brought and heard by the trial court independently, so in one sense, a final determination of one claim would be entirely separate of the other. But in many cases, and this is one of them, the amount of child support depends in large part upon the custodial schedule and the custodial schedule is in dispute. In fact, N.C. Gen. Stat. § 50-13.4 establishes child support guidelines which are based upon the applicable custodial schedule and a presumption that child support shall be set in accordance with the guidelines unless the parties' incomes place their case outside of the guidelines or there is a request for deviation from the guidelines and the trial court makes findings that a deviation is justified in the particular case. *See generally Pataky v. Pataky*, 160 N.C. App. 289, 295-96, 585 S.E.2d 404,

408-09 (2003) (discussing in detail the origins of and procedures applicable to the child support guidelines), *aff'd in part and disc. rev. dismissed in part*, 359 N.C. 65, 602 S.E.2d 360 (2004); N.C. Gen. Stat. § 50-13.4(c), (c1).

This statutory scheme and the presumption of application of the guidelines makes the claims of child custody and child support legally interdependent. Here, there is a pending motion to modify custody which, if allowed, would fundamentally alter the facts upon which the trial court based its child support decision. After entry of the 6 August 2010 child support order, the parties agreed that the minor child would live with each party during alternate weeks, and the evidence indicated that this living arrangement continued up to the time of the hearing in May of 2013. Although plaintiff "withdrew her consent" from that arrangement on 31 August 2011, they continued to alternate custody weekly. On 27 September 2011, defendant moved to modify the parties' custody order to reflect the new arrangement. On 10 April 2012, defendant also moved to modify child support, alleging as part of the justification for this request the actual custodial arrangement the parties had been following. On 18 April 2013, defendant also filed notice that he would

> request a deviation from the North Carolina
> Child Support Guidelines and requests the

> Court to consider the Defendant's deviation when applying the guidelines and to take into consideration the custodial schedule of the parties. The Defendant asserts that the Child Support Guidelines are unreasonable because the parties maintained a fifty/fifty (50/50) custodial schedule for the minor child since October 2010. Based upon information and belief, the Defendant believed the Order was in effect for a 50/50 schedule and has since discovered that the Custody Order may not have been signed and the Plaintiff and Defendant have exercised a 50/50 custody since October 2010.

The order on appeal only addressed the child support issues, while leaving the custody issues unresolved—nearly two years after defendant had moved to modify the custody order to reflect the actual custody schedule. We understand that the order failed to address child custody because this case was heard in Wake County Civil IV-D District Court and prosecuted by the Wake County Child Support Enforcement Agency on behalf of Plaintiff. The "Civil IV-D" session of District Court is commonly referred to as "child support court." Chapter 110 of the North Carolina General Statutes sets out a comprehensive statutory scheme for establishment of child support orders and enforcement of those orders in cases which fall under that Chapter, defined as "a case in which services have been applied for or are being provided by a child support enforcement agency established pursuant to Title IV-D of the Social Security Act as

amended and this Article." N.C. Gen. Stat. § 110-129(7) (2011).

N.C. Gen. Stat. § 110-129.1(a)(3) grants to the Department of

Health and Human Services the "power and duty" to

> Establish and implement procedures under which in IV-D cases either parent or, in the case of an assignment of support, the State may request that a child support order enforced under this Chapter be reviewed and, if appropriate, adjusted in accordance with the most recently adopted uniform statewide child support guidelines prescribed by the Conference of Chief District Court Judges.

Because of the specialized nature of the IV-D session of court, motions for modification of custody are not heard, nor do Child Support Enforcement agencies represent parents in regard to any custody issues. While we appreciate this procedural situation and the reason that one motion was heard while the other remained pending, despite its apparent relevance to the issues raised in the motion to modify child support, we have to determine the interlocutory nature of the order based upon the law. The present order failed to resolve the pending custody issue or even to address the parties' custodial arrangement during the entire relevant period, even though the custodial schedule was in dispute.[1] The trial court simply ordered the

---

[1] All the trial court could do in this situation, since the pending custody motion was not under consideration, was to make findings regarding the past practice of the parties and whether

parties to continue following the prior order, awarding plaintiff $500 per month despite the fact that the actual custody arrangement had changed.

A change in the custodial arrangement is a substantial change in circumstances affecting child support, as the trial court itself noted, citing *Kowalick v. Kowalick*, 129 N.C. App. 781, 787, 501 S.E.2d 671, 675 (1998). Without knowing the custody arrangement, the trial court cannot determine which child support worksheet to use, or whether to deviate from the guidelines. *See* N.C. Gen. Stat. § 50-13.4(c1) (2011) ("The guidelines shall include a procedure for setting child support, if any, in a joint or shared custody arrangement which shall reflect the other statutory requirements herein."); N.C. Child Support Guidelines, AOC-A-162 (2011). So, in effect, this order simply temporarily continues the existing support order until the trial court can hear the custody issues.

This would also explain why the trial court made findings of fact about the parties' incomes and all information needed to set guideline child support, but failed to make any findings

---

any retroactive modification of the child support obligation might be justified, and the trial court did make findings concerning this issue. Indeed, defendant did not dispute that the effective date of any retroactive child support modification would be the date of filing of his motion to modify child support.

addressing the justification for deviation from the guidelines or any determination of the amount of child support which would be required by the guidelines, and then simply continued in effect the $500.00 child support amount which the parties had agreed upon in 2010. If the trial court had intended this to be a permanent child support order, the findings and conclusions of law would not support this child support amount, which ignores the findings of fact about the parties' incomes and other relevant numbers and fails to make any findings as to a need to deviate from the guidelines. But as a temporary order entered by the child support enforcement court to provide for payment of child support until the pending motion to modify custody can be determined and child support set based upon the actual custodial schedule, the order makes sense both legally and practically.

Where our record demonstrates that there was at the time of the hearing a motion to modify custody pending, with the actual custodial schedule uncertain and in dispute, and the child support obligation is presumptively directly dependent upon the custodial schedule, allowing the present child support order to be immediately appealed would lead to "fragmentary, premature[,] and unnecessary appeals[.]" *Peters*, ___ N.C. App. at ___, 754 S.E.2d at 439 (first alteration in original). Therefore, we

hold that the present order is interlocutory and dismiss the appeal.[2]

### III. Conclusion

For the foregoing reasons, defendant's appeal from the child support order is dismissed.

DISMISSED.

Judges ERVIN and DAVIS concur.

---

[2] We note that the Legislature recently enacted Session Law 2013-411, codified at N.C. Gen. Stat. § 50-19.1 (2013), which governs appeals from certain family law orders while other claims remain pending. However, this statute only became effective 23 August 2013, after the order on appeal was entered. 2013 N.C. Sess. Laws ch. 411, § 2. Indeed, defendant has not argued that this statute applies here. Therefore, we do not address how this statute might affect our analysis.