IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-687

 Filed: 19 March 2019

Watauga County, No. 09 CVD 389

WATAUGA COUNTY on behalf of Nicole R. McKiernan, Plaintiff

 v.

DAVID DWAYNE SHELL, Defendant.

 Appeal by plaintiff from order entered 6 February 2018 by Judge Larry Leake

in District Court, Watauga County. Heard in the Court of Appeals 13 February 2019.

 Di Santi Watson Capua Wilson & Garrett, PLLC, by Chelsea Bell Garrett, for
 plaintiff-appellant.

 No brief filed for defendant-appellee.

 STROUD, Judge.

 The Watauga County Child Support Enforcement Agency appeals a trial court

order staying a IV-D child support proceeding initiated by the Avery County Child

Support Enforcement Agency to establish “continuing support and maintenance” “as

required by the North Carolina Child Support Guidelines, N.C.G.S. 50-13.4[;]” the

stay order was based upon a pending appeal in the related Chapter 50 child custody

proceeding between the parents of the children.1 The trial court acted under a

1We have listed the caption of this case as shown in the order on appeal, but we note that Watauga
County file number 09 CVD 389 is a Chapter 50 custody claim involving different parties, while the
Chapter IV-D child support claim which is the subject of this appeal is file number 17 CVD 116. The
actual plaintiffs in Watauga County file number 09 CVD 389, David W. and Donna Shell, did not
appear as parties in this appeal.
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

misapprehension of the applicable law in determining it had no jurisdiction to

consider a Chapter IV-D child support enforcement claim while the Chapter 50

custody appeal was pending. We reverse the stay order and remand for further

proceedings in accord with this opinion.

 I. Background

 Mother Nicole McKieran and Father David D. Shell are the parents of two

minor children for whom plaintiff Watauga County Child Support Enforcement

Agency sought to establish child support. Mother and Father are also defendants in

a child custody proceeding under Chapter 50 of the North Carolina General Statutes

brought in 2009 by the children’s paternal grandparents as plaintiffs. See Shell v.

Shell, ___ N.C. App. ___, ___, 819 S.E.2d 566 (2018). An order modifying child custody

was appealed to this Court, and we will quote the background as stated in the opinion

in the custody case:

 This appeal arises from the modification of a 2012
 custody order. Plaintiffs, David and Donna Shell, are the
 paternal grandparents of the children, Sam and Kim.
 Defendant David Shell is the son of plaintiffs and father of
 Sam and Kim. Defendant Nicole Green is the children’s
 mother and has married since the prior order and is now
 Nicole McKiernan. We will identify all parties by their
 relation to Sam and Kim. Therefore, plaintiffs will be
 referred to as the “Grandparents,” defendant Shell as
 “Father” and defendant Green as “Mother.” Although both
 parents are “defendants,” the interests of defendant Father
 are aligned with plaintiff Grandparents and are opposed to
 the interests of defendant Mother.
 The prior custody order was entered in May 2012.

 -2-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

 Father was granted sole legal and physical custody of the
 children and Mother had visitation rights. . . .
 On 3 June 2016, Mother moved to modify custody
 alleging that since the prior custody order there had been
 a substantial change of circumstances affecting the welfare
 of the children because she had remained sober for several
 years, maintained a job for over two years, and gotten
 remarried. She also alleged that Father had become more
 difficult to deal with regarding visitation. He refused to
 send the children’s homework so the children could
 complete it during visits with Mother, and he denied
 Mother information about the children’s school activities
 and would not allow her to participate.
 On 17 and 30 January 2017, the trial court held a
 hearing on the motion to modify custody. The trial court
 entered an order modifying custody on 6 February 2017,
 which determined there had been a substantial change of
 circumstances affecting the welfare of the children and
 modified custody, granting Father and Mother joint legal
 custody, with Mother receiving primary physical custody.
 Father and Grandparents appeal[ed on 8 March 2017 and
 18 July 2017, respectively.]

Id. at ___, 819 S.E.2d at 569-70 (footnotes omitted). The order appealed from in Shell

is from Watauga County, file number 09 CVD 389.

 While the appeal in Shell was pending before this Court, on 4 May 2017, the

Avery County Child Support Enforcement Agency filed a verified complaint on behalf

of Mother against Father for IV-D child support. See generally N.C. Gen. Stat. § 110-

129(7) (2017) (“‘IV-D’ case means a case in which services have been applied for or

are being provided by a child support enforcement agency established pursuant to

Title IV-D of the Social Security Act as amended and this Article.”). The IV-D child

 -3-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

support case was filed in Avery County, file number 17 CVD 116. Custody claims are

not considered in IV-D child support cases as noted in Gray v. Peele:

 We understand that the order failed to address child
 custody because this case was heard in Wake County Civil
 IV–D District Court and prosecuted by the Wake County
 Child Support Enforcement Agency on behalf of Plaintiff.
 The “Civil IV–D” session of District Court is commonly
 referred to as “child support court.” Chapter 110 of the
 North Carolina General Statutes sets out a comprehensive
 statutory scheme for establishment of child support orders
 and enforcement of those orders in cases which fall under
 that Chapter, defined as “a case in which services have
 been applied for or are being provided by a child support
 enforcement agency established pursuant to Title IV–D of
 the Social Security Act as amended and this Article.” N.C.
 Gen. Stat. § 110–129(7) (2011). N.C. Gen. Stat. § 110–
 129.1(a)(3) grants to the Department of Health and Human
 Services the “power and duty” to
 Establish and implement procedures under
 which in IV–D cases either parent or, in the
 case of an assignment of support, the State
 may request that a child support order
 enforced under this Chapter be reviewed and,
 if appropriate, adjusted in accordance with
 the most recently adopted uniform statewide
 child support guidelines prescribed by the
 Conference of Chief District Court Judges.
 Because of the specialized nature of the IV–D
 session of court, motions for modification of custody are not
 heard, nor do Child Support Enforcement agencies
 represent parents in regard to any custody issues.

235 N.C. App. 554, 559, 761 S.E.2d 739, 743 (2014).

 Based upon the trial court’s Chapter 50 custody order, as of February 2017,

the children were in the primary physical custody of Mother, and Avery County Child

 -4-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

Support Enforcement Agency then filed its complaint to establish child support on

her behalf:

 (c) Actions or proceedings to establish, enforce, or
 modify a duty of support or establish paternity as initiated
 under this Article shall be brought in the name of the
 county or State agency on behalf of the public assistance
 recipient or nonrecipient client. Collateral disputes
 between a custodial parent and noncustodial parent,
 involving visitation, custody and similar issues, shall be
 considered only in separate proceedings from actions
 initiated under this Article. The attorney representing the
 designated representative of programs under Title IV-D of
 the Social Security Act shall be deemed attorney of record
 only for proceedings under this Article, and not for the
 separate proceedings. No attorney/client relationship shall
 be considered to have been created between the attorney
 who represents the child support enforcement agency and
 any person by virtue of the action of the attorney in
 providing the services required.

N.C. Gen. Stat. § 110-130.1(c) (2017) (emphasis added).

 On 20 September 2017, the Avery County District Court entered an order

transferring venue of the IV-D child support action to Watauga County and ordered

that “it shall be combined into Watauga County File No.:09 CVD 389 and set for their

10/2/17 Civil Session.” Although the order “combining” the cases is not in our record

on appeal, this is an uncontested finding of fact in the stay order on appeal. We also

note that “combining” a IV-D child support action with a Chapter 50 custody action

is statutorily prohibited by N.C. Gen. Stat. § 110-130.1. Id. (“Collateral disputes

between a custodial parent and noncustodial parent, involving visitation, custody and

 -5-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

similar issues, shall be considered only in separate proceedings from actions initiated

under this Article. The attorney representing the designated representative of

programs under Title IV-D of the Social Security Act shall be deemed attorney of

record only for proceedings under this Article, and not for the separate proceedings.”

(emphasis added)).

 On 6 February 2018, after the children had been residing with Mother for

nearly a year without entry of a child support order, the trial court entered an order

staying the IV-D child support action. The case caption on the stay order is Watauga

County on behalf of Nicole R. McKiernan, Plaintiff, v. David Wayne Shell, Defendant,

with a file number of 09-CVD-389 – the Chapter 50 custody file number – based upon

the “combination” of the IV-D child support and custody cases. To support entry of

the stay order, the trial court made the following pertinent findings:

 10. The Court finds that the case of Kanupp v Kanupp,
 148 N.C. App. 716, 562 S.E.2d 117, reported in full
 at Kanupp v. Kanupp, 2002 N.C. App. LEXIS 1705
 (N.C. Ct. App., Feb. 19, 2002) would be controlling in
 this factual setting in that the court does not have at
 this time authority to hear the action.

 11. The Court also finds that it is in the interest of
 judicial efficiency for this matter to not be
 adjudicated until there is a final determination by
 Court of Appeals as to the underlying custody
 dispute.

 12. The Court also finds that N.C. Gen. Stat. § 1-294
 requires the staying of this action in that the Court
 finds this matter is embraced within that action

 -6-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

 which is on appeal.

The stay order decreed: “That this matter be stayed until a mandate is issued from

the North Carolina Court of Appeals regarding the underlying custody dispute which

is currently on appeal and jurisdiction is returned to this Court.”

 On 6 March 2018, plaintiff appealed the 6 February 2018 stay order. On 21

August 2018, this Court issued its opinion in Shell, affirming the trial court order

modifying custody. See Shell, ___ N.C. App. ___, ___, 819 S.E.2d 566.

 On 29 August 2018, the trial court entered a temporary child support order in

the IV-D claim. Based upon entry of the temporary child support order, Father filed

a motion to dismiss this appeal as moot because the trial court had entered a

temporary child support order after this Court’s opinion in Shell, and that order notes

that another hearing would be held in September 2018.2 This Court previously

denied the motion to dismiss as moot by order entered on 3 October 2018.

 To summarize, there are at least four orders tangled into the controversy

before us:

 (1) The order modifying custody which was appealed and affirmed by this
Court in Shell. See id.

 (2) An order issued in Avery County which transferred venue of the IV-D
claim and “combined” it with the pending Chapter 50 custody action.

2“A case is ‘moot’ when a determination is sought on a matter which, when rendered, cannot have any
practical effect on the existing controversy.” Swanson v. Herschel, 174 N.C. App. 803, 805, 622 S.E.2d
159, 160 (2005) (citation and quotation marks omitted).

 -7-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

 (3) The stay order on appeal which stayed the IV-D child support claim, under
the Chapter 50 custody case file number, based on the pending Chapter 50 custody
appeal.

 (4) The temporary child support order entered after this appeal of the stay
order was pending before us.

However, only the 6 February 2018 stay order is on appeal before this Court.

 II. Interlocutory Appeal

 The trial court’s stay order is not a final order which disposes of all claims, so

this appeal is interlocutory. See Gray v. Peele, 235 N.C. App. at 556–57, 761 S.E.2d

at 741 (“Generally, there is no right of immediate appeal from interlocutory orders

and judgments. An interlocutory order is one made during the pendency of an action,

which does not dispose of the case, but leaves it for further action by the trial court

in order to settle and determine the entire controversy. On the other hand, a final

judgment is one which disposes of the cause as to all the parties, leaving nothing to

be judicially determined between them in the trial court.” (citation omitted)).

Plaintiff argues that this Court should “sua sponte” hear this appeal because the trial

court’s error impairs the ability of the Child Support Enforcement Agency to

expeditiously obtain a child support order on behalf of the parents and children who

need financial assistance. Plaintiff notes that this case presents an “easy-to-abuse

process whereby a responsible parent could delay paying their obligation for a long

time.” Our Supreme Court noted this Court’s discretion to consider an appeal for

similar reasons,

 -8-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

 Ordinarily, an appeal from an interlocutory order
 will be dismissed as fragmentary and premature unless the
 order affects some substantial right and will work injury to
 appellant if not corrected before appeal from final
 judgment. However, the appellate courts of this State in
 their discretion may review an order of the trial court, not
 otherwise appealable, when such review will serve the
 expeditious administration of justice or some other exigent
 purpose. Such discretion is not intended to displace the
 normal procedures of appeal, but inheres to appellate
 courts under our supervisory power to be used only in those
 rare cases in which normal rules fail to administer to the
 exigencies of the situation. When discretionary review is
 allowed, the question of appealability becomes moot.
 Such is the case here. The Court of Appeals
 determined that a trial on the merits of this protracted
 controversy would be facilitated by allowing immediate
 appeal from the pretrial orders. Accordingly, it reviewed
 the merits of the orders pursuant to its supervisory
 authority contained in G.S. 7A—32(c). The issue of
 premature appeal thereupon became moot and arguments
 on the point were rendered feckless. Hence, we consider
 the opinion of the Court of Appeals on the merits of this
 controversy, expressing no opinion on the appealability of
 the interlocutory orders.

Stanback v. Stanback, 287 N.C. 448, 453–54, 215 S.E.2d 30, 34–35 (1975) (citations

omitted).

 Based upon the “combination” of the custody and IV-D cases and the stay order,

Mother went for over two years with no child support order at all, and since the trial

court did not have jurisdiction to enter an order on child support during the pendency

of this appeal, this is one of “those rare cases in which the normal rules fail to

administer to the exigencies of the situation.” Id. at 454, 215 S.E.2d at 34; see N.C. R.

 -9-
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

App. P. 2 (allowing this Court to “suspend or vary the requirements” of our rules “[t]o

prevent manifest injustice”). Further, clarification of the trial court’s authority to

enter a IV-D child support order while a Chapter 50 custody appeal is pending is also

in the public interest. See generally Hoke Cnty. Bd. of Educ. v. State, 198 N.C. App.

274, 279, 679 S.E.2d 512, 517 (2009) (“Notwithstanding the foregoing, Rule 2 of the

North Carolina Rules of Appellate Procedure allows this Court to suspend its rules to

prevent manifest injustice to a party, or to expedite decision in the public interest.”

(citation and brackets omitted)). There can be no doubt that this case is a “manifest

injustice[,]” to the children involved and is of great “public interest” and import. Id.

Therefore, we elect to invoke our power pursuant to Rule 2 to hear this appeal

notwithstanding the fact that the order is interlocutory.

 III. Standard of Review

 “When evaluating the propriety of a trial court’s stay order the appropriate

standard of review is abuse of discretion. A trial court may be reversed for abuse of

discretion only if the trial court made a patently arbitrary decision, manifestly

unsupported by reason.” Meares v. Town of Beaufort, 193 N.C. App. 49, 64, 667 S.E.2d

244, 254 (2008) (citation and quotation marks omitted). Further, the trial court may

also abuse its discretion by making a discretionary decision based upon a

misapprehension of the applicable law. See generally Matter of Skinner, 370 N.C.

126, 146, 804 S.E.2d 449, 462 (2017) (“It is well-established in this Court’s decisions

 - 10 -
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

that a misapprehension of the law is appropriately addressed by remanding the case

to the appropriate lower forum in order to apply the correct legal standard.”).

 IV. Trial Court’s Jurisdiction

 The trial court based the stay order upon its determination that it did not have

jurisdiction to hear the IV-D child support claim for several reasons, though all were

based upon the pending appeal in the Chapter 50 custody case. The IV-D child

support complaint was filed after the appeal of the custody order, in another county

and with different parties. Although the order “combining” the cases is not before us,

the Avery County trial court had no authority to “combine” the Chapter 50 custody

case, which was at that time on appeal before this Court, with the newly-filed IV-D

action. See N.C. Gen. Stat. § 110-130.1(c). This erroneous “combination” of the IV-D

child support and custody actions led the Watauga County trial court to determine it

did not have jurisdiction to consider child support while appeal on custody was

pending before this Court.

 The trial court gave three reasons for the stay order. First, it relied upon the

unpublished case of Kanupp v. Kanupp, 148 N.C. App. 716, 562 S.E.2d 117 (2002)

(unpublished), which it deemed “controlling,” but because Kanupp is unpublished, it

by definition cannot be “controlling” authority. N.C. R. App. P. 30(e)(3) (“An

unpublished decision of the North Carolina Court of Appeals does not constitute

controlling legal authority.” (emphasis added)).

 - 11 -
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

 Next, the trial court’s reliance upon North Carolina General Statute § 1-294

was also mistaken. See McKyer v. McKyer, 179 N.C. App. 132, 139, 632 S.E.2d 828,

832 (2006) (“With respect to this issue, N.C. Gen. Stat. § 1–294 (2005) provides:

‘When an appeal is perfected as provided by this Article it stays all further

proceedings in the court below upon the judgment appealed from, or upon the matter

embraced therein; but the court below may proceed upon any other matter included in

the action and not affected by the judgment appealed from.’ This Court has held,

based on N.C. Gen. Stat. § 1–294, that ‘once a custody order is appealed, the trial

court is divested of jurisdiction over all matters specifically affecting custody.’”

(citations and parenthetical omitted)).

 Finally, the trial court found it was “in the interest of judicial efficiency for this

matter to not be adjudicated until there is a final determination by Court of

Appeals[.]” But we note that Mother was required to wait approximately a year after

the custody order before the trial court entered the stay order and another six months

because of the stay order before entry of a temporary support order. Even if a long

delay in considering child support is somehow “efficient” for the trial court, judicial

efficiency must not trump the needs of the children for support, particularly where

North Carolina General Statute § 50-19.1 requires the IV-D child support and custody

matters to remain separate.

 - 12 -
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

 North Carolina General Statute § 50-19.1 clears up any potential confusion of

when orders in a domestic case are immediately appealable and the trial court retains

jurisdiction to proceed with other claims. See N.C. Gen. Stat. § 50-19.1 (2017).3 In

fact, North Carolina General Statute § 50-19.1 specifically allows a child support

claim to proceed while a custody claim is on appeal, even if the claims are in the “same

action” from inception:

 Notwithstanding any other pending claims filed in
 the same action, a party may appeal from an order or
 judgment adjudicating a claim for absolute divorce, divorce
 from bed and board, child custody, child support, alimony,
 or equitable distribution if the order or judgment would
 otherwise be a final order or judgment within the meaning
 of G.S. 1A-1, Rule 54(b), but for the other pending claims
 in the same action. A party does not forfeit the right to
 appeal under this section if the party fails to immediately
 appeal from an order or judgment described in this section.
 An appeal from an order or judgment under this section
 shall not deprive the trial court of jurisdiction over any
 other claims pending in the same action.

N.C. Gen. Stat. § 50-19.1 (emphasis added). The trial court thus acted under a

misapprehension of the law in determining it had no jurisdiction to consider the IV-

D child support claim because of the pending Chapter 50 custody appeal. See id.

 Unfortunately, although the trial court did have jurisdiction to enter a child

support order when it entered the stay during the pendency of the appeal of the

custody claim, it did not have jurisdiction to enter an order in the child support claim

3 North Carolina General Statute § 50-19.1 has been amended, though the amendment is not relevant
to this case. See N.C. Gen. Stat. § 50-19.1 (2019).

 - 13 -
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

during a pending appeal in the child support claim. Notice of appeal from the child

support stay order was filed on 6 March 2018, so the trial court would have had no

jurisdiction to enter the temporary child support order – or any other child support

order. Since this appeal deals with the child support claim, it is not covered by North

Carolina General Statute § 50-19.1. See generally id. Thus, the trial court did not

have jurisdiction to enter a child support order when the child support claim was at

issue on appeal. See id. (noting the trial court may consider “other pending claims”

while a claim in the same action is pending, not the same claim). The trial court had,

and still has, no jurisdiction to enter child support orders until this opinion is issued,

and the appeal is no longer pending before this Court or any higher Court. See

generally Lowder v. Mills, Inc., 301 N.C. 561, 581, 273 S.E.2d 247, 259 (1981) (“[A]ll

orders entered by Judge Seay after defendants’ notice of appeal on 9 May 1980 are

void for want of jurisdiction. Thus the orders entered 15 May 1980 approving the

payment of fees and expenses in this case must be vacated.”)

 V. Conclusion

 We reverse the stay order and note that the trial court did not have jurisdiction

to enter any further orders regarding child support during the pendency of this

appeal. We remand for rehearing of the child support claim. We also note that the

IV-D child support claim and the Chapter 50 custody claim should not be “combined”

according to North Carolina General Statute § 50-19.1, so on remand they should be

 - 14 -
 WATAUGA CTY. O/B/O MCKIERNAN V. SHELL

 Opinion of the Court

severed to avoid future confusion or jurisdictional issues arising from the

“combination.”

 REVERSED and REMANDED.

 Judges TYSON and ARROWOOD concur.

 - 15 -