STROUD, Judge.
*608 The Watauga County Child Support Enforcement Agency appeals a trial court order staying a IV-D child support proceeding initiated by *609 the Avery County Child Support Enforcement Agency to establish "continuing support and maintenance" "as required by the North Carolina Child Support Guidelines, N.C.G.S. 50-13.4 [;]" the stay order was based upon a pending appeal in the related Chapter 50 child custody proceeding between the parents of the children.[1] The trial court acted *741 under a misapprehension of the applicable law in determining it had no jurisdiction to consider a Chapter IV-D child support enforcement claim while the Chapter 50 custody appeal was pending. We reverse the stay order and remand for further proceedings in accord with this opinion.
I. Background
Mother Nicole McKiernan and Father David D. Shell are the parents of two minor children for whom plaintiff Watauga County Child Support Enforcement Agency sought to establish child support. Mother and Father are also defendants in a child custody proceeding under Chapter 50 of the North Carolina General Statutes brought in 2009 by the children's paternal grandparents as plaintiffs. See Shell v. Shell , --- N.C. App. ----, ----, 819 S.E.2d 566 (2018). An order modifying child custody was appealed to this Court, and we will quote the background as stated in the opinion in the custody case:
This appeal arises from the modification of a 2012 custody order. Plaintiffs, David and Donna Shell, are the paternal grandparents of the children, Sam and Kim. Defendant David Shell is the son of plaintiffs and father of Sam and Kim. Defendant Nicole Green is the children's mother and has married since the prior order and is now Nicole McKiernan. We will identify all parties by their relation to Sam and Kim. Therefore, plaintiffs will be referred to as the "Grandparents," defendant Shell as "Father" and defendant Green as "Mother." Although both parents are "defendants," the interests of defendant Father are aligned with plaintiff Grandparents and are opposed to the interests of defendant Mother.
The prior custody order was entered in May 2012. Father was granted sole legal and physical custody of the children and Mother had visitation rights. ...
*610 On 3 June 2016, Mother moved to modify custody alleging that since the prior custody order there had been a substantial change of circumstances affecting the welfare of the children because she had remained sober for several years, maintained a job for over two years, and gotten remarried. She also alleged that Father had become more difficult to deal with regarding visitation. He refused to send the children's homework so the children could complete it during visits with Mother, and he denied Mother information about the children's school activities and would not allow her to participate.
On 17 and 30 January 2017, the trial court held a hearing on the motion to modify custody. The trial court entered an order modifying custody on 6 February 2017, which determined there had been a substantial change of circumstances affecting the welfare of the children and modified custody, granting Father and Mother joint legal custody, with Mother receiving primary physical custody. Father and Grandparents appeal[ed on 8 March 2017 and 18 July 2017, respectively.]
Id. at ----, 819 S.E.2d at 569-70 (footnotes omitted). The order appealed from in Shell is from Watauga County, file number 09 CVD 389.
While the appeal in Shell was pending before this Court, on 4 May 2017, the Avery County Child Support Enforcement Agency filed a verified complaint on behalf of Mother against Father for IV-D child support. See generally N.C. Gen. Stat. § 110-129(7) (2017) (" 'IV-D' case means a case in which services have been applied for or are being provided by a child support enforcement agency established pursuant to Title IV-D of the Social Security Act as amended and this Article."). The IV-D child support case was filed in Avery County, file number 17 CVD 116. Custody claims are not considered in IV-D child support cases as noted in Gray v. Peele :
We understand that the order failed to address child custody because this case was heard in Wake County Civil IV-D District Court and prosecuted by the Wake County Child Support Enforcement Agency on behalf of Plaintiff. The "Civil IV-D" session of District Court is commonly referred to as "child support court." Chapter 110 of the North Carolina General Statutes sets out a comprehensive statutory scheme for establishment of child support *611 orders and enforcement of those orders in cases which fall under that Chapter, defined as "a case in which services have been applied *742 for or are being provided by a child support enforcement agency established pursuant to Title IV-D of the Social Security Act as amended and this Article." N.C. Gen. Stat. § 110-129(7) (2011). N.C. Gen. Stat. § 110-129.1(a)(3) grants to the Department of Health and Human Services the "power and duty" to
Establish and implement procedures under which in IV-D cases either parent or, in the case of an assignment of support, the State may request that a child support order enforced under this Chapter be reviewed and, if appropriate, adjusted in accordance with the most recently adopted uniform statewide child support guidelines prescribed by the Conference of Chief District Court Judges.
Because of the specialized nature of the IV-D session of court, motions for modification of custody are not heard, nor do Child Support Enforcement agencies represent parents in regard to any custody issues.
235 N.C. App. 554, 559, 761 S.E.2d 739, 743 (2014).
Based upon the trial court's Chapter 50 custody order, as of February 2017, the children were in the primary physical custody of Mother, and Avery County Child Support Enforcement Agency then filed its complaint to establish child support on her behalf:
(c) Actions or proceedings to establish, enforce, or modify a duty of support or establish paternity as initiated under this Article shall be brought in the name of the county or State agency on behalf of the public assistance recipient or nonrecipient client. Collateral disputes between a custodial parent and noncustodial parent, involving visitation, custody and similar issues, shall be considered only in separate proceedings from actions initiated under this Article. The attorney representing the designated representative of programs under Title IV-D of the Social Security Act shall be deemed attorney of record only for proceedings under this Article, and not for the separate proceedings. No attorney/client relationship shall be considered to have been created between the *612 attorney who represents the child support enforcement agency and any person by virtue of the action of the attorney in providing the services required.
N.C. Gen. Stat. § 110-130.1(c) (2017) (emphasis added).
On 20 September 2017, the Avery County District Court entered an order transferring venue of the IV-D child support action to Watauga County and ordered that "it shall be combined into Watauga County File No.: 09 CVD 389 and set for their 10/2/17 Civil Session." Although the order "combining" the cases is not in our record on appeal, this is an uncontested finding of fact in the stay order on appeal. We also note that "combining" a IV-D child support action with a Chapter 50 custody action is statutorily prohibited by N.C. Gen. Stat. § 110-130.1. Id. ("Collateral disputes between a custodial parent and noncustodial parent, involving visitation, custody and similar issues, shall be considered only in separate proceedings from actions initiated under this Article. The attorney representing the designated representative of programs under Title IV-D of the Social Security Act shall be deemed attorney of record only for proceedings under this Article, and not for the separate proceedings." (emphasis added) ).
On 6 February 2018, after the children had been residing with Mother for nearly a year without entry of a child support order, the trial court entered an order staying the IV-D child support action. The case caption on the stay order is Watauga County on behalf of Nicole R. McKiernan, Plaintiff, v. David Wayne Shell , Defendant, with a file number of 09-CVD-389 - the Chapter 50 custody file number - based upon the "combination" of the IV-D child support and custody cases. To support entry of the stay order, the trial court made the following pertinent findings:
10. The Court finds that the case of Kanupp v. Kanupp , 148 N.C. App. 716, 562 S.E.2d 117, reported in full at Kanupp v. Kanupp , 2002 N.C. App. LEXIS 1705 (N.C. Ct. App., Feb. 19, 2002) would be controlling in this factual setting in that the court does not have at this time authority to hear the action.
*743 11. The Court also finds that it is in the interest of judicial efficiency for this matter to not be adjudicated until there is a final determination by Court of Appeals as to the underlying custody dispute.
12. The Court also finds that N.C. Gen. Stat. § 1-294 requires the staying of this action in that the Court *613 finds this matter is embraced within that action which is on appeal.
The stay order decreed: "That this matter be stayed until a mandate is issued from the North Carolina Court of Appeals regarding the underlying custody dispute which is currently on appeal and jurisdiction is returned to this Court."
On 6 March 2018, plaintiff appealed the 6 February 2018 stay order. On 21 August 2018, this Court issued its opinion in Shell , affirming the trial court order modifying custody. See Shell , --- N.C. App. ----, ----, 819 S.E.2d 566.
On 29 August 2018, the trial court entered a temporary child support order in the IV-D claim. Based upon entry of the temporary child support order, Father filed a motion to dismiss this appeal as moot because the trial court had entered a temporary child support order after this Court's opinion in Shell , and that order notes that another hearing would be held in September 2018.[2] This Court previously denied the motion to dismiss as moot by order entered on 3 October 2018.
To summarize, there are at least four orders tangled into the controversy before us:
(1) The order modifying custody which was appealed and affirmed by this Court in Shell . See id.
(2) An order issued in Avery County which transferred venue of the IV-D claim and "combined" it with the pending Chapter 50 custody action.
(3) The stay order on appeal which stayed the IV-D child support claim, under the Chapter 50 custody case file number, based on the pending Chapter 50 custody appeal.
(4) The temporary child support order entered after this appeal of the stay order was pending before us.
However, only the 6 February 2018 stay order is on appeal before this Court.
II. Interlocutory Appeal
The trial court's stay order is not a final order which disposes of all claims, so this appeal is interlocutory. See *614 Gray v. Peele , 235 N.C. App. at 556-57, 761 S.E.2d at 741 ("Generally, there is no right of immediate appeal from interlocutory orders and judgments. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. On the other hand, a final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." (citation omitted) ). Plaintiff argues that this Court should "sua sponte" hear this appeal because the trial court's error impairs the ability of the Child Support Enforcement Agency to expeditiously obtain a child support order on behalf of the parents and children who need financial assistance. Plaintiff notes that this case presents an "easy-to-abuse process whereby a responsible parent could delay paying their obligation for a long time." Our Supreme Court noted this Court's discretion to consider an appeal for similar reasons,
Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment. However, the appellate courts of this State in their discretion may review an order of the trial court, not otherwise appealable, when such review will serve the expeditious administration of justice or some other exigent purpose. Such discretion is not intended to displace the normal procedures of appeal, but inheres to appellate courts under our *744 supervisory power to be used only in those rare cases in which normal rules fail to administer to the exigencies of the situation. When discretionary review is allowed, the question of appealability becomes moot.
Such is the case here. The Court of Appeals determined that a trial on the merits of this protracted controversy would be facilitated by allowing immediate appeal from the pretrial orders. Accordingly, it reviewed the merits of the orders pursuant to its supervisory authority contained in G.S. 7A-32(c). The issue of premature appeal thereupon became moot and arguments on the point were rendered feckless. Hence, we consider the opinion of the Court of Appeals on the merits of this controversy, expressing no opinion on the appealability of the interlocutory orders.
Stanback v. Stanback , 287 N.C. 448, 453-54, 215 S.E.2d 30, 34-35 (1975) (citations omitted).
*615 Based upon the "combination" of the custody and IV-D cases and the stay order, Mother went for over two years with no child support order at all, and since the trial court did not have jurisdiction to enter an order on child support during the pendency of this appeal, this is one of "those rare cases in which the normal rules fail to administer to the exigencies of the situation." Id. at 454, 215 S.E.2d at 34 ; see N.C. R. App. P. 2 (allowing this Court to "suspend or vary the requirements" of our rules "[t]o prevent manifest injustice"). Further, clarification of the trial court's authority to enter a IV-D child support order while a Chapter 50 custody appeal is pending is also in the public interest. See generally Hoke Cnty. Bd. of Educ. v. State , 198 N.C. App. 274, 279, 679 S.E.2d 512, 517 (2009) ("Notwithstanding the foregoing, Rule 2 of the North Carolina Rules of Appellate Procedure allows this Court to suspend its rules to prevent manifest injustice to a party, or to expedite decision in the public interest." (citation and brackets omitted) ). There can be no doubt that this case is a "manifest injustice[,]" to the children involved and is of great "public interest" and import. Id. Therefore, we elect to invoke our power pursuant to Rule 2 to hear this appeal notwithstanding the fact that the order is interlocutory.
III. Standard of Review
"When evaluating the propriety of a trial court's stay order the appropriate standard of review is abuse of discretion. A trial court may be reversed for abuse of discretion only if the trial court made a patently arbitrary decision, manifestly unsupported by reason." Meares v. Town of Beaufort , 193 N.C. App. 49, 64, 667 S.E.2d 244, 254 (2008) (citation and quotation marks omitted). Further, the trial court may also abuse its discretion by making a discretionary decision based upon a misapprehension of the applicable law. See generally Matter of Skinner , 370 N.C. 126, 146, 804 S.E.2d 449, 462 (2017) ("It is well-established in this Court's decisions that a misapprehension of the law is appropriately addressed by remanding the case to the appropriate lower forum in order to apply the correct legal standard.").
IV. Trial Court's Jurisdiction
The trial court based the stay order upon its determination that it did not have jurisdiction to hear the IV-D child support claim for several reasons, though all were based upon the pending appeal in the Chapter 50 custody case. The IV-D child support complaint was filed after the appeal of the custody order, in another county and with different parties. Although the order "combining" the cases is not before us, the Avery County trial court had no authority to "combine" the Chapter 50 *616 custody case, which was at that time on appeal before this Court, with the newly-filed IV-D action. See N.C. Gen. Stat. § 110-130.1(c). This erroneous "combination" of the IV-D child support and custody actions led the Watauga County trial court to determine it did not have jurisdiction to consider child support while appeal on custody was pending before this Court.
The trial court gave three reasons for the stay order. First, it relied upon the unpublished case of Kanupp v. Kanupp , 148 N.C. App. 716, 562 S.E.2d 117 (2002) (unpublished), which it deemed "controlling," but because Kanupp is unpublished, it by definition *745 cannot be "controlling" authority. N.C. R. App. P. 30(e)(3) ("An unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority ." (emphasis added) ).
Next, the trial court's reliance upon North Carolina General Statute § 1-294 was also mistaken. See McKyer v. McKyer , 179 N.C. App. 132, 139, 632 S.E.2d 828, 832 (2006) ("With respect to this issue, N.C. Gen. Stat. § 1-294 (2005) provides: 'When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from .' This Court has held, based on N.C. Gen. Stat. § 1-294, that 'once a custody order is appealed, the trial court is divested of jurisdiction over all matters specifically affecting custody .' " (citations and parenthetical omitted) ).
Finally, the trial court found it was "in the interest of judicial efficiency for this matter to not be adjudicated until there is a final determination by Court of Appeals[.]" But we note that Mother was required to wait approximately a year after the custody order before the trial court entered the stay order and another six months because of the stay order before entry of a temporary support order. Even if a long delay in considering child support is somehow "efficient" for the trial court, judicial efficiency must not trump the needs of the children for support, particularly where North Carolina General Statute § 50-19.1 requires the IV-D child support and custody matters to remain separate.
North Carolina General Statute § 50-19.1 clears up any potential confusion of when orders in a domestic case are immediately appealable and the trial court retains jurisdiction to proceed with other claims. See N.C. Gen. Stat. § 50-19.1 (2017).[3] In fact, *617 North Carolina General Statute § 50-19.1 specifically allows a child support claim to proceed while a custody claim is on appeal, even if the claims are in the "same action" from inception:
Notwithstanding any other pending claims filed in the same action, a party may appeal from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and board, child custody, child support, alimony, or equitable distribution if the order or judgment would otherwise be a final order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action. A party does not forfeit the right to appeal under this section if the party fails to immediately appeal from an order or judgment described in this section. An appeal from an order or judgment under this section shall not deprive the trial court of jurisdiction over any other claims pending in the same action.
N.C. Gen. Stat. § 50-19.1 (emphasis added). The trial court thus acted under a misapprehension of the law in determining it had no jurisdiction to consider the IV-D child support claim because of the pending Chapter 50 custody appeal. See id.
Unfortunately, although the trial court did have jurisdiction to enter a child support order when it entered the stay during the pendency of the appeal of the custody claim, it did not have jurisdiction to enter an order in the child support claim during a pending appeal in the child support claim. Notice of appeal from the child support stay order was filed on 6 March 2018, so the trial court would have had no jurisdiction to enter the temporary child support order - or any other child support order. Since this appeal deals with the child support claim, it is not covered by North Carolina General Statute § 50-19.1. See generally id. Thus, the trial court did not have jurisdiction to enter a child support order when the child support claim was at issue on appeal. See id. (noting the trial court may consider "other pending claims" while a claim in the same action is pending, not the same claim). The trial court had, and still has, no jurisdiction to enter child support orders until this opinion is issued, and the appeal is no longer pending before this Court or any higher Court. See generally *746 Lowder v. Mills, Inc. , 301 N.C. 561, 581, 273 S.E.2d 247, 259 (1981) ("[A]ll orders entered by Judge Seay after defendants' notice of appeal on 9 May 1980 are void for want of jurisdiction. Thus the orders entered 15 May 1980 approving the payment of fees and expenses in this case must be vacated.") *618 V. Conclusion
We reverse the stay order and note that the trial court did not have jurisdiction to enter any further orders regarding child support during the pendency of this appeal. We remand for rehearing of the child support claim. We also note that the IV-D child support claim and the Chapter 50 custody claim should not be "combined" according to North Carolina General Statute § 50-19.1, so on remand they should be severed to avoid future confusion or jurisdictional issues arising from the "combination."
REVERSED and REMANDED.
Judges TYSON and ARROWOOD concur.

We have listed the caption of this case as shown in the order on appeal, but we note that Watauga County file number 09 CVD 389 is a Chapter 50 custody claim involving different parties, while the Chapter IV-D child support claim which is the subject of this appeal is file number 17 CVD 116. The actual plaintiffs in Watauga County file number 09 CVD 389, David W. and Donna Shell, did not appear as parties in this appeal.

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Swanson v. Herschel , 174 N.C. App. 803, 805, 622 S.E.2d 159, 160 (2005) (citation and quotation marks omitted).

North Carolina General Statute § 50-19.1 has been amended, though the amendment is not relevant to this case. See N.C. Gen. Stat. § 50-19.1 (2019).